FILED
2021 Dec-08 AM 08:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 10/16) Complaint for Employment Discrimination

# United States District Court
### for the
## NORTHERN DISTRICT OF ALABAMA

2021 DEC -7 P 4: 21

| | |
|---|---|
| **_Plaintiff,_** | ) |
| *(Write your full name. No more than one plaintiff may be named in a pro se complaint)* | ) |
| | ) |
| **v.** | ) Case No.: 5:21-CV-1624-HNJ |
| | ) *(to be filled in by the Clerk's Office)* |
| | ) |
| | ) JURY TRIAL ☑ Yes ☐ No |
| | ) |
| | ) |
| **_Defendant(s),_** | ) |
| *(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)* | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

**A.     The Plaintiff**

| | |
|---|---|
| Name | Lajuanna Bowles |
| Street Address | 106 Carmine Cir Unit C |
| City and County | Madison,                    w: Madison |
| State and Zip Code | AL 35758 |
| Telephone Number | (256) 910 6975 |
| E-mail Address *(if known)* | MSBowles52@gmail.com |

☑ Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.

_12/7/2021_
**Date**

_Lajuanna Bowles_
**Participant Signature**

Page 1 of 7

II.   **Basis for Jurisdiction**

    B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Thomas Rumph |
| Job or Title *(if known)* | Managing Partner |
| Street Address | 2707 Artie St SW |
| City and County | Huntsville / Madison |
| State and Zip Code | Alabama / 35805 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Vastell Williams |
| Job or Title *(if known)* | Finance Manager |
| Street Address | 2707 Artie St SW |
| City and County | Huntsville   Madison Count |
| State and Zip Code | Alabama   35805 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

    Name                             _____

    Job or Title *(if known)* _____

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

    E-mail Address *(if known)* _____

**C.**     **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

    Name                     Rumph + Associates

    Street Address         2707 Artie St SW

    City and County       Huntsville, Madison County

    State and Zip Code    ALa 35805

    Telephone Number    (256) 715 1932

**II.**     **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

    *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note:   In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

Relevant state law *(specify, if known)*:

_____

Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me

☑ Termination of my employment

☐ Failure to promote me

☑ Failure to accommodate my disability

☑ Unequal terms and conditions of my employment

☐ Retaliation

☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s):

_Feb 2019 — May 2019_

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me

☒   is/are not still committing these acts against me

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race _____

☐   color _____

☒   gender/sex   _Pregnancy ; Post partum depression_

☐   religion _____

☐   national origin _____

☐   age *(year of birth)* _____

*(only when asserting a claim of age discrimination)*

☐   disability or perceived disability *(specify disability)*_____

_____

E.   The facts of my case are as follows. Attach additional pages if needed. _____

_Attached_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

E. FACTS

- November 2018- Rumph & Associates was made aware of my disability Diabetes, that caused an early childbirth delivery by C-section 11/27/18 and began Short Term Disability.

- During my Short-Term Disability, management texted me multiple times asking if I could return to work early, as the temp had stopped working unexpectedly. I declined due to doctor recommendations.
- On January 22, 2019, I returned to work from Short Term Disability and Immediately began being treated differently than I had prior to my STD.
- Vastell Williams increased my workload to include duties of the CFO and Accounting Manager, asked me not to sign my name but put the words "finance" where I would normally sign.
- February 19, 2019, after unexpectant use of Personal time (1 day) for a minor respiratory issue, I was forced to bring in a doctors' note to return to work. Which is not a normal requirement for employees after only one day of Personal Time OFF.
- Denied the ability to receive healthcare stipend as provided to other employees.
- Denied preapproved PTO without cause
- Asked not to document overtime or weekend hours
- Aggressive tone from management, office isolation.
- Delayed retrieval of documents required to perform my job duties.
- Denied the use of Work from home privilege's as provided to other G&A employees.
- On March 27, 2019, Rumph & Associates was notified of my Post-Partum Depression that was diagnosed in December 2018. A formal request was made to have an accommodation via email to Kim Slaughter. Kim Slaughter called my office, acknowledged my disability and declined any accommodations. "Rumph & Associates is not required to provide accommodations and that the PPD was not covered under the ADA".
- On April 18, I requested a meeting with Hr; in the meeting that was originally to discuss my working from home, due to inability to concentrate, I disclosed to Kim Slaughter that I had been treated unprofessionally, experienced some situations that made me uncomfortable with my superiors, and asked for guidance on how to handle the situations going forward. Voiced the following issues with Kim Slaughter
     - A.) The HSV office regularly work from home, at times by the request of management and at times by the request of employees. However, for unforeseen reasons the day before I worked from home and was forced to use PTO.
     - B.) My direct manager, Vastell Williams had begun the use of aggressive tone and body language with me during meetings. At times getting so angry that his hands would shake.
     - C.) My workload had been increased to cover accounting manager and staff accountants role.
     - D.) My PTO request had been cancelled without reason.

E.) Vastell, stopped speaking in the morning as he previously would and Tom stopped including me in office lunches and dinners.

F.) I explained that my superior had begun being excessively loud in the office causing a disruption from my task by playing loud videos and games. To the extent of me needing to occasionally work from home.

G.) Our CEO, had called the office and informed me that I didn't need to "Cover MY OWN ASS", as I send emails to confirm verbal conversations.

- April 18, 2019 Kim Slaughter, without my permission discussed my disability in non-related work meeting with myself and Vastell and Advised me to seek cognitive therapy. Further states that if a letter was provided from my physician she would consider a reasonable accommodation. Provided Kim, with information regarding my next doctor visit 04/26/2019.

- On April 18, 2019, hours after the initial meeting I was asked to document any recommendations to improve the accounting/ finance dept by 10a the next morning. No documentation of the other situations that were discussed in the meetings was requested in writing.

- On April 23,2019, I returned to work, Placed on Admin leave, keys and company laptop were taken.

- On April 25,2019, just one day prior to my appointment, I was asked to release Rumph & Associates from all liabilities, not discuss the agreement with anyone except my spouse and attorney in exchange for healthcare and payment. I formally declined via email.

- On May 1st, I inquired about the status of my employment via email, and requested to see my employee file.

- On May 2, 2019, I was asked to come in for another meeting, whereby I was again asked this time by Vastell Williams to sign the Release form again. When I refused to sign, I was made aware of my official termination effective immediately.

- I asked what's the was the reason for my termination.  Kim Slaughter on the phone, stated that they would tell me the next day.

- The next day, May 3rd I met with Kim Slaughter in the Alpharetta office. I was allowed to view my file and Kim Slaughter asked me to again sign the liability release. I again declined and asked for a copy of my file or if I could take a photo or record this conversation she said no.

As the Staff Accountant at Rumph & Associates, I was required to maintain, update and suggest any changes I deemed necessary within the accounting department to management. See Job Description, Accounting manual pg 34. On May 2, I was terminated from my position after discussing my increased need for a medical accommodation and reporting the behaviors of my management to the Hr Director, Kim Slaughter. All recommendations were in accordance with the accounting Manuel, the company policy and procedures, and the findings from the companies FAILED Audit performed by the US government (see Audit response). I performed

my job without any write ups, or issues in my performance for the entirety of my employment until, I was placed on involuntary leave with pay and then fired. During my employment, I worked very closely with Program Managers Leonard and Michael Freeman who on several occasions and made mention to upper management of how knowledgeable I was of Government accounting etc.

**IV.    Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date):* _____

_____

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter

☒    issued a Notice of Right to Sue letter, which I received on *(date):* _____

_____

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed

☐    less than 60 days have elapsed

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

- order defendant to make Ms Bowles whole by providing approriate back pay w/ prejudice interest to eradicate the effects of unlawful termination; Forward Pay.
- provide compensation for non pecuniary losses; emotional pain, suffering, inconvience, loss of enjoyment of life, humiliation. Job + medical search expenes
- punitive damages for it reckless conduct described in Page 6 of 7 attachment; amount
- (court + lawyer fees) to be determined at trial.
- Grant such further relief as the court deems necessary

## VI.    Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _12|7|2021_

Signature of Plaintiff: _Lajuanna Bowles_

Printed Name of Plaintiff: _Lajuanna Bowles_

### B.    For Attorneys

Date of Signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lajuanna A. Bowles<br>106 Carmine Circle<br>Unit C<br>Madison, AL 35758 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-00196 | **GLENDA J. MULDROW,**<br>**Investigator** | **(205) 651-7027** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*for*    *James E Love Sr*            September 8, 2021

**BRADLEY A. ANDERSON,**
**District Director**           *(Date Issued)*

Enclosures(s)

cc:    **RUMPH & ASSOCIATES, P.C.**
c/o Matthews Stiles and
   Kim E. Slaughter
**1901 Sixth Avenue North**
**Birmingham, AL 35203**

           **Casey J. King, Esq.**
           **WRADY MICHEL & KING**
           **505 20th Street North**
           **Suite 1650**
           **Birmingham, AL 35203**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"** now include **the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

 Gmail

Lajuanna Bowles <msbowles52@gmail.com>

## FW: Disability Question

1 message

**LaJuanna(LJ) Bowles** <LBowles@rumphandassociates.com>                    Wed, Mar 27, 2019 at 2:44 PM
To: "msbowles52@gmail.com" <msbowles52@gmail.com>

LJ Bowlesl Staff Accountant

*Rumph & Associates, P.C.*

Email: *lbowles@rumphandassociates.com* l

Office: *256.715.1932* l Mobile: 256.665.5407

Confidentiality Statement

This message and any attachments may contain information that may be confidential and protected by legal privilege. If you are not the intended recipient or authorized to receive for the intended recipient, you may not read, print, retain, use, copy, distribute or disclose to anyone the message or any information contained in the message. If you have received the message in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

**From:** LaJuanna(LJ) Bowles
**Sent:** Wednesday, March 27, 2019 2:44 PM
**To:** Kim Slaughter <kslaughter@rumphandassociates.com>
**Subject:** Disability Question

Hi Kim,

This completely confidential, I have a disability. I've been trying to confidentially manage Postpartum Depression. I thought I could keep it to myself, but after missing work yesterday I'd like to discuss it with you. Are there any minor non costly accommodations that can be made to help me work through managing my disability.

Is it possible for you to call me on my cell after hours in the near future to further discuss what I've been struggling with.


Best regards,


LJ


LJ Bowles| Staff Accountant

*Rumph & Associates, P.C.*

Email: *lbowles@rumphandassociates.com* |

Office: *256.715.1932* | Mobile: 256.665.5407

_____

Confidentiality Statement

This message and any attachments may contain information that may be confidential and protected by legal privilege.  If you are not the intended recipient or authorized to receive for the intended recipient, you may not read, print, retain, use, copy, distribute or disclose to anyone the message or any information contained in the message. If you have received the message in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.  Thank you for your cooperation.

 Gmail

Lajuanna Bowles <msbowles52@gmail.com>

---

**Follow up**

2 messages

---

**Lajuanna Bowles** <msbowles52@gmail.com>                    Tue, Apr 30, 2019 at 11:15 AM
To: Thomas Rumph <trumph@rumphandassociates.com>
Cc: Kim Slaughter <kslaughter@rumphandassociates.com>

Rumph & Associates

Attention:

Mr. Rumph,

At this time, I would like to decline the offer to resign with a six week stipend. Hopefully, another agreement can be met.


Please provide me with my employment status as of today, April 30, 2019.

Very Respectfully,

LJ Bowles

---

**Kim Slaughter** <kslaughter@rumphandassociates.com>          Tue, Apr 30, 2019 at 3:52 PM
To: Lajuanna Bowles <msbowles52@gmail.com>, Thomas Rumph <trumph@rumphandassociates.com>

**KIM E. SLAUGHTER, MBA, SHRM-SCP, SPHR**

*Human Resources Director*

Rumph & Associates, P.C.

770-569-1239 ext. 114 (o)

678-456-4175 (f)

www.rumphandassociates.com

Send me secure files here: Sharefile Link

Confidentiality Statement

This message and any attachments may contain information that may be confidential and protected by legal privilege.  If you are not the intended recipient or authorized to receive for the intended recipient, you may not read, print, retain, use, copy, distribute or disclose to anyone the message or any information contained in the message. If you have received the message in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system.  Thank you for your cooperation.

[Quoted text hidden]